SNEDIKER v. NASSAU ELECTRIC R. CO.

(Supreme Court, Appellate Division, Second Department. June 6, 1899.)

COLLISION BETWEEN ELECTRIC CARS—INJURY TO PASSENGER.

An electric car, running at a high rate of speed, came into collision with a car on a parallel track, which had collided with a beer wagon a few seconds before. There was no evidence as to the manner of operating the car which collided with the beer wagon, nor as to who was answerable for such car being thrown on the track of the car on which plaintiff was a passenger. The distance between the cars at the time of the first collision was about 150 feet, and the interval of time about five seconds. *Held* to justify a finding that defendant was not guilty of negligence.

Appeal from trial term, Kings county.

Action by John F. Snediker against the Nassau Electric Railroad Company. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

S. D. Morris, for appellant.

Henry Yonge, for respondent.

PER CURIAM. The only question presented upon this appeal is whether the verdict of the jury is sustained by the evidence, and upon this point we are of opinion that there is no reason for disturbing the judgment. The action was brought by the plaintiff to recover damages for the loss of his wife's services, and for medical and other expenses occasioned through an accident suffered by her while a passenger on one of the cars of the defendant. No exceptions are urged upon this appeal. There was no evidence from which the negligence of the defendant might be inferred, except upon the question of the conduct of defendant's motorman in the presence of an emergency. The accident occurred on Ocean avenue, between Kings Highway and the Shore Road, in the borough of Brooklyn, at a point which was remote from houses and intersecting highways. While the car on which the plaintiff and his wife were passengers was coming from Sheepshead Bay, and while it was running at a concededly high rate of speed, it came into collision with a car which had collided with a beer wagon a few seconds before, and the injury complained of resulted. There was no evidence as to the manner of operating the car which had collided with the beer wagon; no evidence as to who was answerable for the down-car being thrown upon the track of the car on which the plaintiff's wife was a passenger. The only evidence from which the negligence of the defendant could be inferred was that relating to what took place on the car of the defendant on its up-trip after the collision of the down-car with the beer wagon. It was in evidence that the distance between the cars at the time of the first collision was from 150 to 200 feet, and that the interval of time was from three to five seconds; that during that interval the motorman applied the brakes, and made every reasonable effort to stop the car, remain-

ing constantly at his post. Under such circumstances the jury might properly reach the conclusion that there was no negligence on the part of the defendant.

The judgment and order appealed from should be affirmed, with costs.